# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Ameriquest Funding II REO Subsidiary LLC | Case No. 1:06-cv-00174 |
| Plaintiff | District Judge Hon. Peter C. Economus |
| | Magistrate Judge _____ |
| vs. | |
| Richard Najsztup, et al. | **DEFAULT JUDGMENT AND DECREE IN FORECLOSURE** |
| Defendants. | |

UNITED STATES DISTRICT JUDGE HON. PETER C. ECONOMUS

This matter is before the Court on the motion of Plaintiff Ameriquest Funding II REO Subsidiary LLC's Motion for Default Judgment and Decree in Foreclosure, to obtain judgment against Richard Najsztup as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1. The following defendants are in default of Motion or Answer:

    a. Richard Najsztup; and
    b. Unknown Spouse, if any, of Richard Najsztup.

2. The Plaintiff's Application for Entry of Default was filed on February 16, 2006.

Accordingly, the Court takes the allegations contained in the Complaint as true, including that there is due and owing to the plaintiff from the defendant, Richard Najsztup, upon the subject Note the principal balance of $94,379.06, for which judgment is hereby rendered in favor

of the Plaintiff, with interest at the rate of 8.25 percent per annum from August 1, 2005, together with late charges, plus advances, if any, made by Plaintiff to protect its interest in the Property, plus costs and expenses incurred by plaintiff to enforce its rights under the subject Note and Mortgage.

The Note is secured by the Mortgage held by the plaintiff, which mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio:

And known as being Sublot No. 8 in E. F. Davis' Subdivision of part of Original Brooklyn Township Lot No. 13, as shown by the recorded plat in Volume 7 of Maps, page 8 of Cuyahoga County Records.

Parcel Number: 005-31-006

Commonly known as: 2037 West 93rd Street, Cleveland, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the Mortgage was filed for record on May 26, 2005, and recorded as Instrument Number 200505260997 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on January 13, 2006 as Instrument Number 200601310012 in the Cuyahoga County Recorder's Office; that the conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity of redemption of the defendant-titleholder foreclosed.

IT IS THEREFORE

**ORDERED**, that unless the sums hereinabove found to be due to Plaintiff Ameriquest Funding II REO Subsidiary LLC, and the costs of this action, be fully paid within three (3) days

from the date of the entry of this decree, the equity of redemption of the defendant-titleholder in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the United States Marshal of the Northern District of Ohio, directing him to seize, maintain control and custody, and sell same at public sale on the steps of the Cuyahoga County Courthouse, Cleveland, Ohio or by other commercially feasible means, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002. Daily Legal News is designated as the appropriate newspaper in which to advertise the sale of the property. The Marshal shall report his proceedings to this Court.

**ORDERED FURTHER**, that the United States Marshal shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the even that an Order of Sale is returned by the United States Marshal unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER**, that the additional rights and responsibilities of the parties shall be as follows:

1. The United States Marshal or his or her representative is authorized to have free access to the realty and to take all actions necessary to seize, maintain control and custody, and sell the Property.

2. Richard Najsztup, or anyone else occupying the Property with the permission of Richard Najsztup shall vacate the property, taking with them their personal property within (30) days from the date that this order is entered (but leaving all improvements, buildings, fixtures, and appurtenances to the real property). Also within 30 days from the entry of this order, the defendants are ordered to turn over all keys (including duplicates) to the property to the U.S.

Marshal located at Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland OH 44113-1830. If any person occupying the real property fails or refuses to leave and vacate the realty by the time specified herein, the U.S. Marshal and his deputies are authorized and directed to take all actions that are reasonably necessary to bring about the ejection of those persons. If any person fails or refuses to remove his or her personal property from the real property by the time specified herein, the property remaining in or on the real property thereafter is deemed forfeited and abandoned, and the Marshal and his deputies are authorized to remove it and dispose of it in any manner the Marshal sees fit, including sale, in which case the proceeds of the sale are to be applied under the same guidelines as described herein for the proceeds of the sale of the real property.

     3. Until he/she vacates the real property, Richard Najsztup shall take all reasonable steps necessary to preserve the real property (including all buildings, improvements, fixtures, and appurtenances on the real property) in its current condition. Until the real property is sold, he/she shall not commit waste against the real property, nor shall they cause or permit anyone else to do so.

     4. Once the property is vacated, Plaintiff shall take whatever steps are necessary to preserve and maintain the realty, including retaining a locksmith or other person to change or install locks or other security devices on any part of the realty and insuring that no plumbing pipes and/or fixtures freeze and/or burst, until the deed to the realty is delivered to the ultimate purchaser.

     **ORDERED FURTHER**, that the United States Marshal, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the United States Marshal for his or her fees and to satisfy all costs incurred by the Marshal incident to the seizure, custody, control, advertising, and sale of the property.

2. To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the United States Marshal's Sale.

3. To the plaintiff Ameriquest Funding II REO Subsidiary LLC, the sum of $94,379.06, with interest at the rate of 8.25 percent per annum from August 1, 2005, together with late charges, plus advances, if any, made by Plaintiff to protect its interest in the Property, plus costs and expenses incurred by Plaintiff to enforce its rights under the Note and Mortgage.

4. The balance of the sale proceeds, if any, shall be held by the United States Marshal to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

As the holder of the first lien (other than real estate taxes), Plaintiff is authorized to credit bid at the foreclosure sale the amount it is owed under this judgment. Since Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the United States Marshal's sale, Plaintiff shall not be required to make a deposit at the time of sale. Plaintiff shall pay the balance of all the Marshal's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be

issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises. or alternatively, the Clerk of Common Pleas Court of Cuyahoga County, to release liens filed of record in that office.

**IT IS SO ORDERED.**

3/10/06

JUDGE HON. PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

Exhibit A

CUYAHOGA COUNTY RECORDER
PATRICK J. OMALLEY
RELA 01/31/2006 09:07:40 AM
**200601310012**

## ASSIGNMENT

For valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Argent Mortgage Company, LLC ("Assignor"), whose address is One City Boulevard West, Orange, CA 92868, does hereby transfer, convey, and assign unto Ameriquest Funding II REO Subsidiary LLC ("Assignee"), whose address is 505 City Parkway West, Orange, CA 92868, all of its right, title, and interest in and to that certain mortgage dated May 25, 2005 executed and delivered by Richard Najsztup, single, which mortgage was recorded with the Cuyahoga County Recorder's Office on May 26, 2005 and recorded in Official Instrument Number 200505260997, together with the promissory note secured by such mortgage and all sums of money due and to become due on such promissory note.

The property encumbered by such mortgage is described as follows: See Exhibit "A" for legal description.
Parcel No.: 005-31-006.
Property Address: 2037 West 93rd Street, Cleveland, OH 44102.

The Recorder is hereby requested to cross-reference this Assignment to the recording reference of the mortgage hereinbefore described.

In witness whereof, Argent Mortgage Company, LLC, by AMC Mortgage Services Inc. as authorized Agent has executed this Assignment this _20_ day of January, 2006.

Argent Mortgage Company, LLC, by AMC Mortgage Services Inc. as authorized Agent

By _____
Jeff Rivas, Vice President
Default Timeline Management

STATE OF __California__ )
                        ) SS
COUNTY OF __Orange__    )

Before me, a Notary Public, personally appeared Argent Mortgage Company, LLC by AMC Mortgage Services Inc. as authorized Agent (the "Company"), acting through _____Jeff Rivas_____, its __Vice President__, who acknowledged that he/she is authorized to sign this Assignment, that he/she signed the foregoing instrument on behalf of the Company by proper authority, and that the foregoing instrument is the act of the Company for the purposes stated in the instrument. In testimony whereof, I have hereunto subscribed my name and affixed my official seal on this _20_ day of January, 2006.

_____
Notary Public

[Notary Seal: R. P. UMALI, Commission # 1453282, Notary Public - California, Los Angeles County, My Comm. Expires Dec 23, 2007]

Prepared by: Manley Deas Kochalski LLC, 495 S. High Street - Suite 300, Columbus OH 43215-5869
After Recording Return to: Manley Deas Kochalski LLC, 495 S. High Street - Suite 300, Columbus OH 43215-5869

File Number: 06-00571

EXHIBIT "A"

Legal Description:

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio:

And known as being Sublot No. 8 in E. F. Davis' Subdivision of part of Original Brooklyn Township Lot No. 13, as shown by the recorded plat in Volume 7 of Maps, page 8 of Cuyahoga County Records.

Parcel Number: 005-31-006

Commonly known as: 2037 West 93rd Street, Cleveland, Ohio

Our File Number: 06-00571